BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
MAR -3 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE EASTERN AIRLINES, INC. FLIGHT ) 
ATTENDANT WEIGHT PROGRAM LITIGATION ) DOCKET NO. 195

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

This litigation consists of two actions, one in the District of Massachusetts and the other in the Eastern District of Virginia, challenging certain weight standards promulgated by Eastern Airlines for its flight attendants. Plaintiffs in the two actions purport to represent a nationwide class of all female flight attendants employed by Eastern since July of 1965. They allege that Eastern's weight requirements, which vary according to height and sex, constitute unlawful discrimination under Title VII of the Civil Rights Act of 1964 because the ranges and maximum allowable weights for female flight attendants are more stringent than those for male attendants.

The Massachusetts plaintiffs move for transfer of the Virginia action to the District of Massachusetts pursuant to

---

\* Although Judges Wisdom, Weinfeld, Becker and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

28 U.S.C. §1407.[1/]  Defendant Eastern favors the requested transfer.  Plaintiffs in the Virginia action, however, oppose transfer and, in the alternative, suggest the Eastern District of Virginia as the transferee forum.  We find that these actions involve common questions of fact and that transfer of the Massachusetts action to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The Virginia plaintiffs argue, in opposition to transfer, that the only commonality between the Virginia and Massachusetts actions arises from the challenges to Eastern's weight program as written and that this aspect of the two actions involves solely common questions of law, as opposed to the requisite common questions of fact.

We agree that where the commonality between or among actions rests solely on questions of law, transfer under Section 1407 would be inappropriate.  See In re Air Fare Litigation, 322 F. Supp. 1013, 1015 (J.P.M.L. 1971).  We are not persuaded, however, that the determination of the legality of Eastern's weight program, as written, involves questions of law alone.  Eastern's defense

---

[1/] Movants originally excepted from their motion to transfer certain aspects of the Virginia action.  Following objection to that procedure by both the Virginia plaintiffs and defendant Eastern, movants amended their motion and now seek transfer of the Virginia action in its entirety.  Our resolution of the question of transfer focuses on the motion as amended.

28 U.S.C. §1407.[1/] Defendant Eastern favors the requested transfer. Plaintiffs in the Virginia action, however, oppose transfer and, in the alternative, suggest the Eastern District of Virginia as the transferee forum. We find that these actions involve common questions of fact and that transfer of the Massachusetts action to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The Virginia plaintiffs argue, in opposition to transfer, that the only commonality between the Virginia and Massachusetts actions arises from the challenges to Eastern's weight program as written and that this aspect of the two actions involves solely common questions of law, as opposed to the requisite common questions of fact.

We agree that where the commonality between or among actions rests solely on questions of law, transfer under Section 1407 would be inappropriate. See In re Air Fare Litigation, 322 F. Supp. 1013, 1015 (J.P.M.L. 1971). We are not persuaded, however, that the determination of the legality of Eastern's weight program, as written, involves questions of law alone. Eastern's defense

---

[1/] Movants originally excepted from their motion to transfer certain aspects of the Virginia action. Following objection to that procedure by both the Virginia plaintiffs and defendant Eastern, movants amended their motion and now seek transfer of the Virginia action in its entirety. Our resolution of the question of transfer focuses on the motion as amended.

- 3 -

to this portion of plaintiffs' claims is that its weight requirements are reasonably necessary to the normal operation of its business and therefore constitute bona fide occupational qualifications. We believe that discovery concerning this defense will raise many factual issues common to both actions.

In addition, plaintiffs in both actions are, in differing degrees, challenging the alleged discriminatory application of Eastern's weight standards at various Eastern bases. Although there has been much confusion and disagreement among the parties as to the particular scope of those challenges in each action, we are persuaded that, as the pleadings are presently framed, common questions of fact are plainly involved on this issue. Indeed, the very disagreement amongst the parties highlights the need for coordinated or consolidated pretrial proceedings.

Thus, the presence of common factual questions necessitates transfer under Section 1407 in order to prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings. Moreover, the need to insure uniform disposition of the competing requests for class designations presents a compelling reason for supervision of these actions in a single district. See In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1386 (J.P.M.L. 1974).

Either the District of Massachusetts or the Eastern District of Virginia could be described as an appropriate transferee forum for this litigation. On balance, however, we favor the Eastern District of Virginia because that district has a

- 4 -

significantly lighter civil action docket than the District of Massachusetts and, therefore, is in the best position to expeditiously process this particular litigation. See <u>Annual Report of the Director of the Administrative Office of the United States Courts</u> (1974), Table 18.

IT IS THEREFORE ORDERED that the action on the attached Schedule A pending in the District of Massachusetts be, and the same hereby is, transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable Robert R. Merhige, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending in that district and listed on Schedule A.

SCHEDULE A                                                          DOCKET NO. 195

DISTRICT OF MASSACHUSETTS

Kathleen M. Hawkes, et al. v. Eastern Airlines, Inc.                Civil Action
                                                                    No.  74-1857-M

EASTERN DISTRICT OF VIRGINIA

Sandra Jarrell Ashworth, et al. v. Eastern Airlines, Inc.           Civil Action
                                                                    No. 74-353(RRM)